William F. FORD et al., Appellants,

v.

Kerney L. ROBINSON, Sr., Adm'r, etc., Appellee.

Court of Appeals of Kentucky.

May 24, 1968.

Joe H. Taylor, Hogan, Taylor, Denzer & Bennett, Louisville, for appellants.

H. Solomon Horen, Durward W. Maynard, Louisville, for appellee.

MONTGOMERY, Judge.

Kerney L. Robinson, Sr., as the administrator of the estate of Kerney L. Robinson, Jr., his son, recovered judgment of $25,000 for his death against William F. Ford and his son, Joe S. Ford. The Fords have appealed and urge that the court erroneously instructed the jury. It is contended that the court erred in refusing to impose upon the appellee's decedent the same duties that were imposed upon the driver of the Ford car, that an instruction under KRS 189.340(6) (a) should have been given in favor of appellants, and that no emergency instruction should have been given.

The accident occurred about 10 p. m. on February 14, 1964, on Dixie Highway (U.S. 31W) south of Louisville. The highway consisted of four traffic lanes, two northbound and two southbound, and a slightly elevated median strip, each twelve feet in width, with a rough shoulder on each side of the highway. The night speed limit was 50 miles per hour. The impact area was near where Stephen Drive joins the southbound side of Dixie and forms with it a "T" intersection.

Kerney Robinson, Jr., was driving his father's car and had two passengers. Joe Ford was operating his father's car and had as a passenger George Krebs. All were about sixteen years of age and were classmates at Valley High School, where they had just attended a basketball game. Both vehicles were proceeding northwardly on Dixie. The accident occurred about two miles from the high school.

The cars passed each other between one and three times on their way to the accident area. The Ford car had been driven in the inner northbound lane for about two miles. Joe Ford admitted that just prior to the accident he was driving his car about fifty-five miles per hour.

Joe testified that he saw the Robinson car approaching from the rear in the outside traffic lane. When the Robinson car was within thirty to forty feet of the Ford car, Ford turned his car to the right and toward the outside traffic lane without giving any signal, although his turn indicator was in operating condition. With his car astraddle the dividing line between the northbound traffic lanes, Ford took his foot off the accelerator, thus slowing the speed of his car. Two witnesses testified that the Robinson car had been in the left northbound lane and that both cars turned from the left toward the right northbound lane at about the same time. When Ford heard gravel from the shoulder

of the highway hitting against his car as the Robinson car was attempting to pass, he turned his car back to the left, or inner, traffic lane. Appellee contends that the Ford car forced the Robinson car off the highway as the Robinson car was attempting to pass it.

The evidence is that the Robinson car was traveling at a speed variously estimated from sixty to eighty miles per hour and appeared to be out of control as it passed the Ford car. When the Robinson car was two or three car lengths ahead, it suddenly swerved to the left, crossed both northbound lanes (narrowly missing the Ford car), jumped the median strip, and collided head-on with a southbound semi-trailer gasoline tanker. The truck driver said that the car seemed to be airborne upon impact.

Appellants question only the correctness of the instructions. The court gave the jury the usual instructions: defining the duties of each driver to use ordinary care, to keep a proper lookout, to have his car under reasonable control, and to operate his car at a reasonable and prudent speed not to exceed fifty miles per hour. Additionally, the court instructed as to Robinson's duties in overtaking or attempting to pass the Ford car. There was evidence that a horn was blown.

Appellants complain that an instruction should have been given as to Robinson similar to Instruction (1)(d), which made it Ford's duty "To operate his automobile as nearly as was practicable within a single traffic lane and not to move out of that lane unless and until he had first ascertained that the movement could be made with reasonable safety and, in no event, to move out of that lane without first giving an appropriate signal by hand or mechanical device of his intention to move out of the lane for not less than the last 100 feet before commencing such change."

In view of the absence of merit in this argument, no consideration is given to appellee's contention that an objection to failure to give the instruction was not properly or timely made. The testimony of Ford justifies the giving of the above instruction under KRS 189.380(1) and (2). By the same token, Ford's testimony placed the Robinson car to the rear of his car in the right, or outer, traffic lane, which did not require a signal from Robinson that he expected to change lanes. The mere changing of lanes by a car to the rear does not affect the operation of the car in front unless there is an attempt to pass, in which event the passing statute controls, and Robinson's duties thereunder were embodied in such an instruction. The court did not err in failing to give an instruction similar to Instruction (1)(d) as to Robinson. The cases cited by appellants are not in point as they are "turning" cases.

Appellants also urge that they should have had an instruction under KRS 189.340(6)(a), advising the jury that Robinson's car should not have been following more closely than was reasonable and prudent under the circumstances. No error is found in this respect since this duty was embodied substantially in the instructions defining Robinson's duties as previously mentioned.

Likewise, no merit is found in the objection to the giving of an emergency instruction since under the facts, as embodied in appellee's theory of the case, an emergency was created when Ford drove his car in front of Robinson's car without previous signal or indication and slowed the speed of it, thus forcing the Robinson car onto the shoulder of the highway in order to avoid striking the Ford car.

Judgment affirmed.

All concur.